**From:** BSAM Hedge Fund Product Management (Generic)
[mailto:BSAMHedgeFundProductManagement@bear.com]
**Sent:** Wednesday, May 16, 2007 10:20 AM
**Subject:** Bear Stearns High-Grade Structured Credit Strategies and HGSCS Enhanced Leverage Funds - April 2007 Month-End Estimates

Dear Investor:

For the month ended April 30, 2007, Bear Stearns High-Grade Structured Credit Strategies has returned an estimated -1.78%.

For the month ended April 30, 2007, Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage has returned an estimated -6.57%.

Please note that these are preliminary estimates and are subject to change. A more detailed summary will follow.

Preliminary returns are net of accrued advisory fees, expenses and performance fees and reflect reinvestment of interest income and other earnings. If applicable, returns shown are for the Fund shares that are allowed to participate in "new issues." The Fund is actively managed and therefore its holdings will change over time. Returns are for an investor who has been in the Fund since its inception. Returns for other investors may differ. Please be aware the performance estimates presented above are for the US feeder funds, the returns for the offshore funds may differ. Past performance is no guarantee of future results. Do not hesitate to contact us with any questions.

Thank you,

**Heather Malloy**
Bear Stearns Asset Management
237 Park Ave, 8th Floor
New York, NY 10017
212-272-3226
hmalloy@bear.com

Ken Mak
Bear Stearns Asset Management
383 Madison, 23rd Floor

New York, NY 10179
212-272-8375
kmak@bear.com

This communication is intended solely for investors and prospective investors who have been pre-qualified by their Bear Stearns account executive and should therefore not be reproduced or redistributed. The information contained herein does not constitute an offer to sell or a solicitation to buy private investment fund interests. These interests will be offered and sold only to "eligible investors," defined as institutional investors, individuals and other entities that satisfy certain minimum income and net-worth, and/or other requirements. The information in this communication is qualified in its entirety by reference to the more detailed discussion contained in the Fund's Confidential Private Placement Memorandum, which should be read carefully before investing. The information contained herein is as of the date referenced and BSAM does not undertake an obligation to update such information.

Any person subscribing for an investment must be able to bear the risks associated with the Fund and must meet the Fund's suitability requirements. The Fund is speculative and involves a substantial degree of risk. Some or all alternative investment programs may not be suitable for certain investors. No assurance can be given that the Fund's investment objectives will be achieved. Any investment in a private investment fund involves significant risks not associated with more conventional investment alternatives. The Fund's risks include, but are not limited to, the following: The securities in which the Fund invests are subject to prepayment and other risks more fully described in the Fund's Confidential Private Placement Memorandum; the Fund may be leveraged and engage in other speculative investment practices that may increase the risk of investment loss; past results of the Fund and the investment manager are not necessarily indicative of future performance of the Fund, and the Fund's performance may be volatile; an investor could lose all or a substantial amount of his or her investment; the investment manager has total trading authority over the Fund and the Fund is dependent upon the services of the investment manager; the use of a single advisor, which could mean lack of diversification and, consequently, higher risk; the Fund is subject to conflicts of interest; the Fund is highly illiquid; there is no secondary market for the investors' interest in the Fund and none is expected to develop; there are restrictions on transferring interests in the Fund; the Fund's fees and expenses may offset the Fund's trading profits; the Fund is not subject to the same regulatory oversight as mutual funds; the Fund is not required to provide periodic pricing or valuation information to investors with respect to its individual investments; the instruments in which the Fund invests may involve complex structures and there may be delays in distributing important tax information; a limited portion of the trades executed for the Fund may take place on foreign markets; BSAM and its affiliates may have positions, effect transactions or make markets in securities or options on such securities referenced herein. Bear, Stearns & Co., Inc. may have underwritten securities for, or otherwise have an investment banking relationship with, issuers referenced herein. Please review the "Risk Factors," "Conflicts of Interest," fee and expense information in the Fund's Confidential Private Placement Memorandum.

In addition to the general risks stated above, we would also like to bring to your attention the following risks specific to the High Grade Structured Credit Strategies Funds:

-While the primary focus of the Fund will be on highly-rated debt securities (AA- or higher), up to 10% of the investment portfolio (excluding Repackaging Vehicle Junior Interests) may be invested in lower-rated investment grade, below investment grade or unrated securities,

-The Fund invests on a highly leveraged basis. The cumulative effect of the use of leverage with respect to any investments in a market that moves adversely to such investments could result in a substantial loss which would be greater if the Fund were not leveraged.

-Prospective investors must understand that securities otherwise outside of the Fund's investments parameters may constitute all or significant portion of the underlying securities held by CDO, Synthetic Security or other investment of the Fund and that CDOs are therefore subject to risks particular to such securities.


**BEAR STEARNS**

**Bear Stearns
Asset Management Inc.**
237 Park Avenue
New York, NY 10017
(212) 272-2000

June 7, 2007

Re:    Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund, L.P. (the "Partnership")

Dear Investor:

The Partnership returned, on an unaudited basis, -18.97% (net of fees and expenses) for the month of April 2007, bringing the year to date return as of April 30, 2007, on an unaudited basis, to -22.99% (net of fees and expenses). While these returns require final approval by the Partnership's Administrator, we do not currently have any reason to believe that the returns will change materially.

We are also writing to inform you that Bear Stearns Asset Management Inc., as General Partner of the above-referenced Partnership, is electing to suspend withdrawals in the Partnership as of June 30, 2007 pursuant to Section 6.1(d) of the Partnership's Amended and Restated Limited Partnership Agreement. This suspension is being instituted because the General Partner believes that the Partnership will not have sufficient liquid assets to make payment to those Limited Partners of the Partnership that have requested withdrawals for withdrawal dates after the date hereof. Further, under this suspension, no new subscriptions will be accepted.

THIS NOTICE REQUIRES NO ACTION ON YOUR PART.

BEAR STEARNS ASSET MANAGEMENT INC.
General Partner of the Partnership

By: _____
Gregory G. Quental
*Senior Managing Director*

ATLANTA | BEIJING | BOSTON | CHICAGO | DALLAS | DENVER | DUBLIN | HERZLIYA | HONG KONG | LONDON
LOS ANGELES | LUGANO | NEW YORK | SAN FRANCISCO | SAN JUAN | SAO PAULO | SEOUL | SHANGHAI | SINGAPORE | TOKYO

134



 ASSET
MANAGEMENT

**Bear Stearns Asset Management Inc.**
237 Park Avenue
New York, NY 10017
www.bsamonline.com

June 29, 2007

RE:  Bear Stearns High Grade Structured Credit Strategies
Bear Stearns High Grade Structured Credit Strategies Enhanced Leverage

Dear Investor:

BSAM is in the process of determining a "fair value" for the Funds' positions as of May 31, 2007, based on the valuation principles set forth in the Funds' offering and charter documents.  In light of the Funds' circumstances, this process is more time consuming than in prior periods.

BSAM will strike the Net Asset Value (the "NAV") for the Funds as of May 31, 2007 on or before July 16, 2007, and has determined not to release an estimated NAV in the interim.  BSAM anticipates calculating an estimate of the Funds' NAV as of June 30, 2007 on or before July 16, 2007 as well, and will use best efforts to do so.

We regret any inconvenience caused by our delay in striking the NAV for May.

Sincerely,

Bear Stearns Asset Management Inc.

1498787_1.DOC

135



# BEAR STEARNS

**Bear Stearns**
**Asset Management Inc.**
237 Park Avenue
New York, NY 10017
1-212-272-2000

July 18, 2007

Dear Investor:

A team at BSAM has been working to calculate the 2007 month-end performance for both May and June for the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Fund. This process has been much more time consuming than in prior months due to increasingly difficult market conditions.

As you know, in early June, the Fund was faced with investor redemption requests and margin calls that it was unable to meet. The Fund sold assets in an attempt to raise liquidity, but was unable to generate sufficient cash to meet the outstanding margin obligations. As a result, counterparties moved to seize collateral or otherwise terminate financing arrangements they had with the Fund. During May and June, the Fund experienced significant declines in the value of its assets resulting in losses of net asset value. The Fund's reported performance, in part, reflects the unprecedented declines in the valuations of a number of highly-rated (AA and AAA) securities.

The Partnership returned, on an unaudited basis, -67.4% (net of fees and expenses) for the month of May 2007. For the month of June 2007, the Partnership returned a preliminary estimate of -100% (net of fees and expenses).

While a substantial portion of the assets of the Fund have already been sold, we expect that remaining asset sales will occur in months ahead as we intend to seek an orderly wind down of the Fund.

In addition you will receive a final June valuation and report in the coming weeks.

This communication is intended solely for current investors and should therefore not be reproduced or redistributed.

ATLANTA | BEIJING | BOSTON | CHICAGO | DALLAS | DENVER | DUBLIN | HERZLIYA | HONG KONG | LONDON
LOS ANGELES | LUGANO | NEW YORK | SAN FRANCISCO | SAN JUAN | SAO PAULO | SEOUL | SHANGHAI | SINGAPORE | TOKYO

## BEAR STEARNS HIGH-GRADE STRUCTURED CREDIT STRATEGIES ENHANCED LEVERAGE (OVERSEAS) LTD.

c/o Walker House, 87 Mary Street
George Town, Grand Cayman KY1-9002
Cayman Islands

October 9, 2007

Dear Investor:

As you may be aware, one of the shareholders of the Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "Fund") recently submitted a Removal Petition, seeking to replace the directors of the Fund. In accordance with the Fund's Amended and Restated Memorandum & Articles of Association the "Articles"), we are now forwarding the Removal Petition to all shareholders.

Since the shareholder that submitted the Removal Petition appears to own over 10% of the paid up Participating Share capital of the Company (excluding for the purposes of such calculation Participating Shares held by any Affiliated Participating Shareholders) as those terms are defined in the Articles, we have decided to forward the attached Removal Petition and to call a special meeting of the shareholders of the Fund (the "Meeting") at 9:00 am on Wednesday, November 14, 2007, which date is at least 30 but not more than 60 days after the mailing of this letter as required by the Articles. The purpose of the Meeting will be for the shareholders of the Fund to determine by vote in accordance with the Articles whether to remove and replace the Directors of the Fund. In order to provide appropriate facilities, the Meeting shall be held at the offices of Bear, Stearns International Limited, One Canada Square, London E14 5AD, England.

Please disregard the final sentence of the Removal Petition because, as it appears that the 10% requirement noted above has been satisfied, shareholders are not being asked to sign the Removal Petition. Please be further advised that, in order to verify the identity of each shareholder that attends the Meeting, we may require attendees to provide appropriate identification and, in the case of a shareholder that is an entity, evidence that the person attending is authorized to act on behalf of such entity.

Lastly, due to an administrative error, a version of this letter was mailed to you without the attached Removal Petition. Please disregard that communication. We apologize for any confusion this may have caused.

Sincerely yours,

The Board of Directors of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd.

137

## Petition for Removal of a Director

To:    Nonaffiliated Participating Shareholder of
       Bear Stearns High-Grade Structured
       Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "Fund"):

This is a petition (a "Removal Petition") by BNP Paribas Arbitrage SNC, a shareholder of the Fund (the "Petitioning Shareholder"), to remove Michelle M. Wilson-Clarke as a Director of the Fund, and to replace her with FTI Capital Advisors, LLC ("FTI"). FTI's written consent to serve as a Director of the Fund is evidenced below.

This Removal Petition is submitted pursuant to the provisions of the Confidential Offering Memorandum, dated August 2006 (the "Offering Memorandum"), and the Fund's Articles of Association. If this Removal Petition is signed and returned to the Board of Directors pursuant to the terms of the Articles of Association by Nonaffiliated Participating Shareholders owning 10% or more of the paid up participating Share Capital of the Fund, then the Board of Directors is required to call for a special meeting of Participating Shareholders to remove and/or replace Michelle M. Wilson-Clarke as a Director. As will be described in greater detail by the Petitioning Shareholder in person, through a qualified representative at the special meeting of Participating Shareholders, in light of the substantial losses sustained by the Fund under Michelle M. Wilson-Clarke's tenure as a Director, the Petitioning Shareholder believes it is in the best interest of all Participating Shareholders to replace Michelle M. Wilson-Clarke with FTI, so that FTI may participate, along with the other Directors of the Fund, in managing the affairs of the Fund.

The proposed successor Director is identified as follows:

A.  The name and business address of the proposed successor Director: FTI Capital Advisers, LLC (as defined above, "FTI") has a business address of 1101 K Street, NW, Washington, D.C. 20005.

B.  The beneficial ownership of FTI, including on a look-through basis each person that beneficially owns 10% or more of any person that is a direct or indirect owner of FTI: FTI is 100% owned by FTI Consulting, Inc.

C.  Any other information concerning FTI that must be disclosed as to nominees in proxy solicitations pursuant to Regulation 14A under the Exchange Act: FTI is wholly independent of the Fund. FTI does not own any interest in the Fund. FTI is not party to any material proceeding adverse to the Fund, nor have any of the events described in S-K Item 401(f) occurred with respect to FTI since its inception in 2003. FTI has not engaged in any transactions with the Fund, and does not have any currently proposed transactions that would require disclosure pursuant to S-K Item 404. FTI's primary business is investment banking. FTI has been a Registered Broker/Dealer since its inception in 2003. The Petitioning Shareholder has agreed to vote for FTI as successor Director.

The Nonaffiliated Participating Shareholder making this Removal Petition is identified as follows:

A.  The name and address of the Nonaffiliated Participating Shareholder making this Removal Petition, as it appears in the Fund's books: BNP Paribas Arbitrage SNC (as defined above, the "Petitioning Shareholder"), has a principal address of 787 Seventh Avenue, 3rd Floor, New York, New York, 10019.

138

B. The Net Asset Value of such Nonaffiliated Participating Shareholder's Shares as of May 31, 2007: $12,322,957.85.

C. A description of all arrangements or understandings between such Nonaffiliated Participating Shareholder and FTI, if any, and any other person or persons (including their names) pursuant to which FTI is proposed by the Nonaffiliated Participating Shareholder: None.

D. A representation that the Petitioning Shareholder (or a qualified representative) intends to appear in person at the special meeting of Shareholders to remove Michelle M. Wilson-Clarke and to present FTI. The Petitioning Shareholder intends to appear, through a qualified representative, in person at the special meeting of Shareholders to remove Michelle M. Wilson-Clarke and to present FTI.

If you agree with this proposal to remove Michelle M. Wilson-Clarke as a Director of the Fund and to replace her with FTI, so indicate by signing below and returning this Removal Petition pursuant to the provisions of the Offering Memorandum, Articles of Association and the written instructions supplied by the Board of Directors which accompany this Removal Petition.

**Stephane Odillard**
Authorized Signatory
BNP Paribas Arbitrage SNC
Print Name

FTI Capital Advisors, LLC, agrees to assume Michelle M. Wilson-Clarke's role as a Director of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., if so appointed.

FTI Capital Advisors, LLC

By:_____

Its:___Managing Director / Chief Compliance Officer

- 2 -

139

### Petition for Removal of a Director

To:    Nonaffiliated Participating Shareholder of
       Bear Stearns High-Grade Structured
       Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "Fund"):

This is a petition (a "Removal Petition") by BNP Paribas Arbitrage SNC, a shareholder of the Fund (the "Petitioning Shareholder"), to remove Scott P. Lennon as a Director of the Fund, and to replace him with FTI Capital Advisers, LLC ("FTI"). FTI's written consent to serve as a Director of the Fund is evidenced below.

This Removal Petition is submitted pursuant to the provisions of the Confidential Offering Memorandum, dated August 2006 (the "Offering Memorandum"), and the Fund's Articles of Association. If this Removal Petition is signed and returned to the Board of Directors pursuant to the terms of the Articles of Association by Nonaffiliated Participating Shareholders owning 10% or more of the paid up participating Share Capital of the Fund, then the Board of Directors is required to call for a special meeting of Participating Shareholders to remove and/or replace Scott P. Lennon as a Director. As will be described in greater detail by the Petitioning Shareholder in person, through a qualified representative at the special meeting of Participating Shareholders, in light of the substantial losses sustained by the Fund under Scott P. Lennon's tenure as a Director, the Petitioning Shareholder believes it is in the best interest of all Participating Shareholders to replace Scott P. Lennon with FTI, so that FTI may participate, along with the other Director(s) of the Fund, in managing the affairs of the Fund.

The proposed successor Director is identified as follows:

A.   The name and business address of the proposed successor Director: FTI Capital Advisers, LLC (as defined above, "FTI") has a business address of 1101 K Street, NW, Washington, D.C. 20005.

B.   The beneficial ownership of FTI, including on a look-through basis each person that beneficially owns 10% or more of any person that is a direct or indirect owner of FTI: FTI is 100% owned by FTI Consulting, Inc.

C.   Any other information concerning FTI that must be disclosed as to nominees in proxy solicitations pursuant to Regulation 14A under the Exchange Act: FTI is wholly independent of the Fund. FTI does not own any interest in the Fund. FTI is not party to any material proceeding adverse to the Fund, nor have any of the events described in 8-K Item 401(f) occurred with respect to FTI since its inception in 2003. FTI has not engaged in any transactions with the Fund, and does not have any currently proposed transactions that would require disclosure pursuant to S-K Item 404. FTI's primary business is investment banking. FTI has been a Registered Broker/Dealer since its inception in 2003. The Petitioning Shareholder has agreed to vote for FTI as successor Director.

The Nonaffiliated Participating Shareholder making this Removal Petition is identified as follows:

A.   The name and address of the Nonaffiliated Participating Shareholder making this Removal Petition, as it appears in the Fund's books: BNP Paribas Arbitrage SNC (as defined above, the "Petitioning Shareholder"), has a principal address of 787 Seventh Avenue, 3rd Floor, New York, New York, 10019.

B. The Net Asset Value of such Nonaffiliated Participating Shareholder's Shares as of May 31, 2007: $12,322,957.85.

C. A description of all arrangements or understandings between such Nonaffiliated Participating Shareholder and FTI, if any, and any other person or persons (including their names) pursuant to which FTI is proposed by the Nonaffiliated Participating Shareholder: None.

D. A representation that the Petitioning Shareholder (or a qualified representative) intends to appear in person at the special meeting of Shareholders to remove Scott P. Lennon and to present FTI: The Petitioning Shareholder intends to appear, through a qualified representative, in person at the special meeting of Shareholders to remove Scott P. Lennon and to present FTI.

If you agree with this proposal to remove Scott P. Lennon as a Director of the Fund and to replace him with FTI, so indicate by signing below and returning this Removal Petition pursuant to the provisions of the Offering Memorandum, Articles of Association and the written instructions supplied by the Board of Directors which accompany this Removal Petition.

_____

**Stephane Odillard**
Authorized Signatory
BNP Paribas Arbitrage SNC
Print Name

FTI Capital Advisors, LLC, agrees to assume Scott P. Lennon's role as a Director of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., if so appointed.


FTI Capital Advisors, LLC


By: _____

Its:   Managing Director / Chief Compliance Officer

Petition for Removal of a Director

To:    Nonaffiliated Participating Shareholder of
Bear Stearns High-Grade Structured
Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "Fund");

This is a petition (a "Removal Petition") by BNP Paribas Arbitrage SNC, a shareholder of the Fund (the "Petitioning Shareholder"), to remove Gregory Quental as a Director of the Fund, and to replace him with FTI Capital Advisors, LLC (FTI). FTI's written consent to serve as a Director of the Fund is evidenced below.

This Removal Petition is submitted pursuant to the provisions of the Confidential Offering Memorandum, dated August 2006 (the "Offering Memorandum"), and the Fund's Articles of Association. If this Removal Petition is signed and returned to the Board of Directors pursuant to the terms of the Articles of Association by Nonaffiliated Participating Shareholders owning 10% or more of the paid up participating Share Capital of the Fund, then the Board of Directors is required to call for a special meeting of Participating Shareholders to remove and/or replace Gregory Quental as a Director. As will be described in greater detail by the Petitioning Shareholder in person, through a qualified representative at the special meeting of Participating Shareholders, in light of the substantial losses sustained by the Fund under Gregory Quental's tenure as a Director, the Petitioning Shareholder believes it is in the best interest of all Participating Shareholders to replace Gregory Quental with FTI, so that FTI may participate, along with the other Director(s) of the Fund, in managing the affairs of the Fund.

The proposed successor Director is identified as follows:

    A.  The name and business address of the proposed successor Director: FTI Capital Advisers, LLC (as defined above, "FTI") has a business address of 1101 K Street, NW, Washington, D.C. 20005.

    B.  The beneficial ownership of FTI, including on a look-through basis each person that beneficially owns 10% or more of any person that is a direct or indirect owner of FTI: FTI is 100% owned by FTI Consulting, Inc.

    C.  Any other information concerning FTI that must be disclosed as to nominees in proxy solicitations pursuant to Regulation 14A under the Exchange Act: FTI is wholly independent of the Fund. FTI does not own any interest in the Fund. FTI is not party to any material proceeding adverse to the Fund, nor have any of the events described in S-K Item 401(f) occurred with respect to FTI since its inception in 2003. FTI has not engaged in any transactions with the Fund, and does not have any currently proposed transactions that would require disclosure pursuant to S-K Item 404. FTI's primary business is investment banking. FTI has been a Registered Broker/Dealer since its inception in 2003. The Petitioning Shareholder has agreed to vote for FTI as successor Director.

The Nonaffiliated Participating Shareholder making this Removal Petition is identified as follows:

    A.  The name and address of the Nonaffiliated Participating Shareholder making this Removal Petition, as it appears in the Fund's books: BNP Paribas Arbitrage SNC (as defined above, the "Petitioning Shareholder"), has a principal address of 787 Seventh Avenue, 3rd Floor, New York, New York, 10019.

B. The Net Asset Value of such Nonaffiliated Participating Shareholder's Shares as of May 31, 2007: $12,322,957.85.

C. A description of all arrangements or understandings between such Nonaffiliated Participating Shareholder and FTI, if any, and any other person or persons (including their names) pursuant to which FTI is proposed by the Nonaffiliated Participating Shareholder: None.

D. A representation that the Petitioning Shareholder (or a qualified representative) intends to appear in person at the special meeting of Shareholders to remove Gregory Quental and to present FTI; The Petitioning Shareholder intends to appear, through a qualified representative, in person at the special meeting of Shareholders to remove Gregory Quental and to present FTI.

If you agree with this proposal to remove Gregory Quental as a Director of the Fund and to replace him with FTI, so indicate by signing below and returning this Removal Petition pursuant to the provisions of the Offering Memorandum, Articles of Association and the written instructions supplied by the Board of Directors which accompany this Removal Petition.

**Stephane Odillard**
Authorized Signatory
BNP Paribas Arbitrage SNC
Print Name

FTI Capital Advisors, LLC, agrees to assume Gregory Quental's role as a Director of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., if so appointed.

FTI Capital Advisors, LLC

By: _____

Its: __Managing Director / Chief Compliance Officer__

-2-

143

<u>Petition for Removal of a Director</u>

To:     Nonaffiliated Participating Shareholder of
        Bear Stearns High-Grade Structured
        Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "Fund"):

This is a petition (a "Removal Petition") by BNP Paribas Arbitrage SNC, a shareholder of the Fund (the "Petitioning Shareholder"), to remove Gerald Cummins as a Director of the Fund, and to replace him with FTI Capital Advisors, LLC ("FTI"). FTI's written consent to serve as a Director of the Fund is evidenced below.

This Removal Petition is submitted pursuant to the provisions of the Confidential Offering Memorandum, dated August 2006 (the "Offering Memorandum"), and the Fund's Articles of Association. If this Removal Petition is signed and returned to the Board of Directors pursuant to the terms of the Articles of Association by Nonaffiliated Participating Shareholders owning 10% or more of the paid up participating Share Capital of the Fund, then the Board of Directors is required to call for a special meeting of Participating Shareholders to remove and/or replace Gerald Cummins as a Director. As will be described in greater detail by the Petitioning Shareholder in person, through a qualified representative at the special meeting of Participating Shareholders, in light of the substantial losses sustained by the Fund under Gerald Cummins' tenure as a Director, the Petitioning Shareholder believes it is in the best interest of all Participating Shareholders to replace Gerald Cummins with FTI, so that FTI may participate, along with the other Director(s) of the Fund, in managing the affairs of the Fund.

The proposed successor Director is identified as follows:

A.  The name and business address of the proposed successor Director: FTI Capital Advisers, LLC (as defined above, "FTI") has a business address of 1101 K Street, NW, Washington, D.C. 20005.

B.  The beneficial ownership of FTI, including on a look-through basis each person that beneficially owns 10% or more of any person that is a direct or indirect owner of FTI: FTI is 100% owned by FTI Consulting, Inc.

C.  Any other information concerning FTI that must be disclosed as to nominees in proxy solicitations pursuant to Regulation 14A under the Exchange Act: FTI is wholly independent of the Fund. FTI does not own any interest in the Fund. FTI is not party to any material proceeding adverse to the Fund, nor have any of the events described in S-K Item 401(f) occurred with respect to FTI since its inception in 2003. FTI has not engaged in any transactions with the Fund, and does not have any currently proposed transactions that would require disclosure pursuant to S-K Item 404. FTI's primary business is investment banking. FTI has been a Registered Broker/Dealer since its inception in 2003. The Petitioning Shareholder has agreed to vote for FTI as successor Director.

The Nonaffiliated Participating Shareholder making this Removal Petition is identified as follows:

A.  The name and address of the Nonaffiliated Participating Shareholder making this Removal Petition, as it appears in the Fund's books: BNP Paribas Arbitrage SNC (as defined above, the "Petitioning Shareholder"), has a principal address of 787 Seventh Avenue, 3rd Floor, New York, New York, 10019.

144

B.  The Net Asset Value of such Nonaffiliated Participating Shareholder's Shares as of May 31, 2007: $12,322,957.85.

C.  A description of all arrangements or understandings between such Nonaffiliated Participating Shareholder and FTI, if any, and any other person or persons (including their names) pursuant to which FTI is proposed by the Nonaffiliated Participating Shareholder: None.

D.  A representation that the Petitioning Shareholder (or a qualified representative) intends to appear in person at the special meeting of Shareholders to remove Gerald Cummins and to present FTI: The Petitioning Shareholder intends to appear, through a qualified representative, in person at the special meeting of Shareholders to remove Gerald Cummins and to present FTI.

If you agree with this proposal to remove Gerald Cummins as a Director of the Fund and to replace him with FTI, so indicate by signing below and returning this Removal Petition pursuant to the provisions of the Offering Memorandum, Articles of Association and the written instructions supplied by the Board of Directors which accompany this Removal Petition.

_____
**Stephane Odillard**
Authorized Signatory
BNP Paribas Arbitrage SNC
Print Name

FTI Capital Advisors, LLC, agrees to assume Gerald Cummins' role as a Director of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., if so appointed.

FTI Capital Advisors, LLC

By: _____

Its: __Managing Director / Chief Compliance Officer__

- 2 -

145

### Petition for Removal of a Director

To:     Nonaffiliated Participating Shareholder of
        Bear Stearns High-Grade Structured
        Credit Strategies Enhanced Leverage (Overseas) Ltd. (the "Fund"):

This is a petition (a "Removal Petition") by BNP Paribas Arbitrage SNC, a shareholder of the Fund (the "Petitioning Shareholder"), to remove Barry J. Cohen as a Director of the Fund, and to replace him with Bart M. Schwartz. Mr. Schwartz's written consent to serve as a Director of the Fund is evidenced below.

This Removal Petition is submitted pursuant to the provisions of the Confidential Offering Memorandum, dated August 2006 (the "Offering Memorandum"), and the Fund's Articles of Association. If this Removal Petition is signed and returned to the Board of Directors pursuant to the terms of the Articles of Association by Nonaffiliated Participating Shareholders owning 10% or more of the paid up participating Share Capital of the Fund, then the Board of Directors is required to call for a special meeting of Participating Shareholders to remove and/or replace Barry J. Cohen as a Director. As will be described in greater detail by the Petitioning Shareholder in person, through a qualified representative at the special meeting of Participating Shareholders, in light of the substantial losses sustained by the Fund under Barry J. Cohen's tenure as a Director, the Petitioning Shareholder believes it is in the best interest of all Participating Shareholders to replace Barry J. Cohen with Bart M. Schwartz, so that Mr. Schwartz may participate, along with the other Director(s) of the Fund, in managing the affairs of the Fund.

The proposed successor Director is identified as follows:

A.  The name and business address of the proposed successor Director:  Bart M. Schwartz, 1114 Avenue of the Americas, New York, New York 10036.

B.  Bart M. Schwartz is a real person, so no statement of ownership is applicable.

C.  Any other information concerning Bart M. Schwartz that must be disclosed as to nominees in proxy solicitations pursuant to Regulation 14A under the Exchange Act: Mr. Schwartz is wholly independent of the Fund.  Mr. Schwartz does not own any interest in the Fund.  Mr. Schwartz is not party to any material proceeding adverse to the Fund, nor have any of the events described in S-K Item 401(f) occurred with respect to Mr. Schwartz.  Mr. Schwartz has not engaged in any transactions with the Fund, and does not have any currently proposed transactions that would require disclosure pursuant to S-K Item 404.  The Petitioning Shareholder has agreed to vote for Mr. Schwartz as successor Director.

The Nonaffiliated Participating Shareholder making this Removal Petition is identified as follows:

A.  The name and address of the Nonaffiliated Participating Shareholder making this Removal Petition, as it appears in the Fund's books: BNP Paribas Arbitrage SNC (as defined above, the "Petitioning Shareholder"), has a principal address of 787 Seventh Avenue, 3rd Floor, New York, New York 10019.

B.  The Net Asset Value of such Nonaffiliated Participating Shareholder's Shares as of May 31, 2007: $12,322,957.85.

C.  A description of all arrangements or understandings between such Nonaffiliated Participating Shareholder and Bart M. Schwartz, if any, and any other person or persons (including their names) pursuant to which Mr. Schwartz is proposed by the Nonaffiliated Participating Shareholder: None.

D.  A representation that the Petitioning Shareholder (or a qualified representative) intends to appear in person at the special meeting of Shareholders to remove Barry J. Cohen and to present Bart M. Schwartz: The Petitioning Shareholder intends to appear, through a qualified representative, in person at the special meeting of Shareholders to remove Barry J. Cohen and to present Bart M. Schwartz.

If you agree with this proposal to remove Barry J. Cohen as a Director of the Fund and to replace him with Bart M. Schwartz, so indicate by signing below and returning this Removal Petition pursuant to the provisions of the Offering Memorandum, Articles of Association and the written instructions supplied by the Board of Directors which accompany this Removal Petition.

**Stephane Odillard**
Authorized Signatory
BNP Paribas Arbitrage SNC
Print Name

Bart M. Schwartz agrees to assume Barry J. Cohen's role as a Director of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd., if so appointed.

Bart M. Schwartz

-2-

147

# BEAR STEARNS HIGH-GRADE STRUCTURED CREDIT STRATEGIES ENHANCED LEVERAGE (OVERSEAS) LTD.
c/o Walker House, 87 Mary Street
George Town, Grand Cayman KY1-9002
Cayman Islands

November 1, 2007

Dear

Reference is made to the Memorandum and Articles of Association (the "Articles") of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas), Ltd. (the "Fund"); all terms used herein but not defined have the meanings ascribed to them in the Articles.

In accordance with Section 132 (b) of the Companies Law (2007 Revision), the Fund has today, October 31, 2007, commenced a winding up of the Fund.

In that connection and in the interest of economy and efficiency, the Fund has selected Simon Whicker and Kris Beighton, each a partner in KPMG's Cayman office, to serve as joint voluntary liquidators of the Fund. Messrs. Whicker and Beighton were appointed as joint provisional liquidators of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund, Ltd ("the Master Fund") on July 31, 2007, and as joint official liquidators of the Master Fund on September 14, 2007.

Under Cayman Islands law and consistent with the Articles, upon the appointment of the Liquidators, the powers of the Board of Directors of the Fund have now fallen into abeyance and, accordingly the Board of Directors of the Fund no longer has authority and control over the Fund.

We note these facts in connection with the Special Meeting of Shareholders scheduled to take place on November 14 and the proposal to replace the Directors in connection therewith, and that such action would not affect the authority of the Liquidators to conduct the winding-up of the Fund.

Sincerely yours,

The Board of Directors of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd.



**BEAR STEARNS**

Bear Stearns
Asset Management Inc.
237 Park Avenue
New York, NY 10017
www.bsamonline.com

Jeffrey B. Lane
Chairman & CEO
Tel 212-272-7751
Fax 917-937-5296
jlane@bear.com

Dear Valued Client:

The history of our firm is one of caring for and doing right by our clients. We understand that your investment with Bear Stearns Asset Management (BSAM) is a reflection of your confidence that our investment officers and portfolio managers are exercising wise judgment to protect and grow the assets you have entrusted to us. We appreciate that confidence and want to assure you that we are doing our utmost to maintain your trust even as we navigate market conditions that have proven to be challenging.

When I recently chose to join Bear Stearns to lead the outstanding BSAM team, I did so because of my great respect for the professionals here and their high level of market insight and record of achievement. I believe in our people, and we will be there for you as the markets weather the current storm. In recent days, we have been carefully reviewing every aspect of all of our strategies to ensure that we are maintaining adequate capital levels and managing risk to take advantage of buying opportunities we see arising from skittish markets, but most importantly, to your investments.

Regarding the specifics of how we are managing your assets, our portfolio managers and sales staff are committed to responding to any of your individual questions and will be reaching out to you by various means to be as accessible as possible. You should feel free to call them as well.

As to the three funds that have made news recently, let me explain to you the actions that have been taken and the rationale behind them. First, the High Grade and Enhanced Leveraged funds began bankruptcy proceedings, yesterday in New York and the Cayman Islands. This was an expected step in the wind down process and allows the funds to engage in an orderly liquidation which should ensure an equitable distribution of the remaining assets in the funds.

Additionally, we continue to see the effects of severe liquidity shortages in the market for all structured asset-backed and mortgage-backed securities. That has caused concern among some investors and has resulted in an unusual number of withdrawal requests at our Bear Stearns Asset Backed Securities Partners fund (ABS). As a result, the fund has decided to temporarily suspend redemptions at this time, however, we are confident that the fund is well-positioned to wait out the current market conditions because of the quality of the assets, absence of leverage and a strong cash position.

These decisions were not taken lightly. We don't believe it is prudent or in the interest of our investors to sell into a dislocated market. We are intent on resuming normal operations in ABS as soon as market conditions warrant but, under current conditions, we feel these are the right steps at this time to protect all investors.

Ultimately, we understand that you trust your investment with BSAM because of the high caliber of our people and their expertise. As we move forward, we intend to continue earning that trust day in and day out.

Sincerely,

Jeffrey B. Lane
Chairman and CEO
Bear Stearns Asset Management Inc.

12. NOV. 2007 18:58    CDPSL-CORK                              NO. 889    P. 3/7



KPMG
P.O. Box 493
Century Yard, Cricket Square
Grand Cayman KY1-1106
CAYMAN ISLANDS

Telephone   +1 345 949 4800
Fax         +1 345 949 7164
Internet    www.kpmg.ky

Our ref   71579

November 8, 2007

Dear Sir or Madam

## Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. - in voluntary liquidation ("the Feeder Fund")

I write following my appointment as Joint Voluntary Liquidator ("JVL") of the Feeder Fund on November 1, 2007, along with my colleague, Kris Beighton. We were appointed by the sole voting shareholder of the Feeder Fund, following a meeting of directors held on the same date.

### Background

On July 31, 2007 the Grand Court of the Cayman Islands ("the Cayman Court") appointed Kris Beighton and I as Joint Provisional Liquidators ("JPLs") of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund, Ltd ("the Master Fund").

Subsequently, on September 14, 2007 the Cayman Court placed the Master Fund into Official Liquidation, appointing Kris Beighton and I as Joint Official Liquidators ("JOLs"). Since July 31, 2007 the JOLs have been realising the assets of the Master Fund, establishing its liabilities and conducting an initial independent and objective investigation into the reasons for the Master Fund's collapse.

As a result of the work already conducted, Bear Stearns Asset Management Inc. ("BSAM"), the independent directors and the voting shareholder felt it would be most efficient and practical to appoint individuals from KPMG as Liquidators of the entities whose funds were indirectly invested into the Master Fund (collectively "the feeder funds"), including the Feeder Fund, to facilitate a comprehensive independent review.

### Role of the JVLs

The role of the JVLs is to take independent control of the Feeder Fund and ensure that it is liquidated in an orderly manner. The JVLs have a duty to maximise realisations for the benefit of the Feeder Fund's stakeholders. An element of this duty is to independently investigate whether or

KPMG, a Cayman Islands partnership and a member firm of the
KPMG network of independent member firms affiliated with KPMG
International, a Swiss cooperative.



*Bear Stearns High-Grade Structured Credit Strategies
Enhanced Leverage (Overseas) Ltd. - in voluntary
liquidation ("the Feeder Fund")
November 8, 2007*

not any causes of action exist. From the date of their appointment onwards, the JVLs act jointly and severally and have fiduciary responsibility and full control over the Feeder Fund.

### Role of directors

Whilst the Directors remain in office and retain their duties and obligations to the Feeder Fund, their powers effectively cease with the appointment of the JVLs. The directors are only allowed to act on behalf of the Feeder Fund with the express prior approval of the JVLs.

### Court supervision

Given the close scrutiny being given to the Official Liquidation of the Master Fund and also to ensure that the liquidations of all related entities are dealt with in a consistent manner, the JVLs believe that it is appropriate to take the Voluntary Liquidation of the Feeder Fund under the supervision of the Grand Court of the Cayman Islands ("the Cayman Court"). The JVLs are currently preparing an application to the Cayman Court in order to achieve this.

There are a number of advantages to taking the Voluntary Liquidation under the supervision of the Cayman Court. For example, this will allow the JVLs to seek directions from the Cayman Court where necessary, to report to the Cayman Court with regards to the outcome of their investigations and to have creditor positions and distributions approved. Cayman Court supervision would, if necessary, facilitate gaining recognition of the Voluntary Liquidation in other jurisdictions and provide stakeholders with a forum where grievances could be heard.

### Reporting and the provision of information

In due course the JVLs will prepare a report to the Cayman Court detailing the steps taken during the liquidation of the Feeder Fund and the outcome of their investigations. This report will not be prepared until the JVLs investigations are either completed or well progressed. The JVLs currently intend to provide a version of this report to investors for their information. The JVLs will also provide a summary presentation to investors at the proposed meeting of investors (see below).

2



*Bear Stearns High-Grade Structured Credit Strategies*
*Enhanced Leverage (Overseas) Ltd. - in voluntary*
*liquidation ("the Feeder Fund")*
*November 8, 2007*

## Investment Structure

The chart below depicts the investment structure of the Master Fund and feeder funds in order to provide a better understanding of the financial relationships between the entities.



The Master Fund's sole beneficial shareholder ("the Shareholder") entered into Total Return Swaps with the Feeder Fund and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage, L.P.. In return for a financing fee, the Master Fund's Shareholder provided a notional return of up to 2.75 times the feeder funds' investments into the Total Return Swaps, based on the performance of the Master Fund.

3

12. NOV. 2007 18:58    CDPSL-CORK                    NO. 889    P. 6/7



*Bear Stearns High-Grade Structured Credit Strategies*
*Enhanced Leverage (Overseas) Ltd. – in voluntary*
*liquidation ("the Feeder Fund")*
*November 8, 2007*

### The insolvency of the Master Fund & the Feeder Fund

As a result of the JOLs' initial independent investigation it is clear that the Master Fund is insolvent. Whilst the JOLs have not finalised the Proof of Debt process, they have concluded that the Master Fund's liabilities are likely to exceed its assets by at least US$150m. Therefore, it unlikely that, absent any successful causes of action, any payments will be made to the Shareholder and, in turn, to the Feeder Fund via its Total Return Swap. The Feeder Fund has a number of creditors and is therefore itself insolvent.

Due to the Feeder Fund's insolvency the investors of the Feeder Fund no longer have a direct financial interest in the Feeder Fund. Unless the investigations reveal viable causes of action it is unlikely that any distribution will be made to any of the investors of the Feeder Fund. However, BSAM is of the view that the investors would expect a proper and independent investigation into the collapse of the Master Fund and the Feeder Fund to take place. Therefore, BSAM have injected sufficient funding into the Feeder Fund, on a non-recourse basis, with which to conduct such an investigation. The JVLs will report their findings to the investors in due course.

### Meeting of investors

On or about October 2, 2007, we understand that the Board of the Feeder Fund convened, in accordance with the Feeder Fund's Articles of Association ("the Articles"), a special meeting of the Feeder Fund's Participating Shareholders (as defined in the Articles) to vote on the removal and/or replacement of the Board of Directors pursuant to a removal petition received from certain Participating Shareholders.

This special meeting of Participating Shareholders is scheduled to take place on November 14, 2007 at 9.00am at the offices of Bear, Stearns International Limited, One Canada Square, London E14 5AD, England.

In order to allow this meeting to proceed and as the Directors powers have ceased, the JVLs have authorised the Directors or delegates thereof to conduct the meeting for the specific purpose noted above.

Therefore the meeting could proceed as previously notified, although investors may wish to consider that since the Feeder Fund is in voluntary liquidation and controlled by the JVLs any replacement directors appointed would be powerless to control the Feeder Fund or its affairs.

Given the limited purpose of the above meeting, the JVLs would prefer to arrange a broader meeting with investors to, inter alia, provide an overview of the approach that the JVLs intend to take during the liquidation and discuss the possibility of forming a committee, potential areas of

4



*Bear Stearns High-Grade Structured Credit Strategies*
*Enhanced Leverage (Overseas) Ltd. – in voluntary*
*liquidation ("the Feeder Fund")*
*November 8, 2007*

investigation and matters of concern to the investors. Accordingly we propose a meeting with investors, or their representatives, in London on December 4, 2007 at 2.00pm. Confirmation of the details of this meeting will be forwarded to all investors in due course.

The JVLs have suggested London as the location for such a meeting because they have been informed by BSAM that the UK is likely to be the most geographically convenient jurisdiction for a significant proportion of investors. However, if you have a preference as to another location please inform us so that we can take such a preference into consideration.

**Additional information**

In order to assist their investigations, the JVLs are preparing a questionnaire for all investors requesting additional information. This questionnaire will be sent to investors in due course.

The JVLs will also be setting up a website enabling you to obtain current information regarding the liquidation of the Feeder Fund. Further details and a web address will be circulated in due course.

Should you have any questions please do not hesitate to contact either Lucy Henderson or Russell Crumpler on +1 (345) 815 2638 or +1 (345) 914 4377 respectively. They can also be reached via email at lucyhenderson@kpmg.ky and russellcrumpler@kpmg.ky.

Yours faithfully,

Simon Whicker
*Joint Voluntary Liquidator*

5

**KPMG**
P.O. Box 493
Century Yard, Cricket Square
Grand Cayman KY1-1106
CAYMAN ISLANDS

Telephone    +1 345 949 4800
Fax          +1 345 949 7164
Internet     www.kpmg.ky

Our ref    71579

Mr. John C. Crittenden III
FTI Capital Advisors LLC
1101 K Street, NW
Washington
DC 20005
United States of America

November 19, 2007

Dear Mr Crittenden,

**Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd (in Voluntary Liquidation) ("the Feeder Fund").**

As you are aware Simon Whicker and Kris Beighton were appointed Joint Voluntary Liquidators ("JVLs") of the Feeder Fund following a special written resolution passed by the sole ordinary shareholder on November 1, 2007.

I understand that at a special meeting of Participating Shareholders, held on November 14, 2007 at the offices of Bear, Stearns International Limited in London, you were appointed as a Director of the Feeder Fund.

As a newly appointed Director of the Feeder Fund you may remain in office and maintain your duties and obligations to the Feeder Fund. However, as a result of the appointment of the JVLs any powers you may have inherited as a Director of the Feeder Fund had already ceased upon the appointment of the JVLs.

For the time being you are still regarded as a Director but you have no power to act on behalf of the Feeder Fund in any way whatsoever without the prior approval and explicit authority of the JVLs.

The primary function of the JVLs at the outset is to take control of the Feeder Fund's assets. Whilst I appreciate that you are a newly appointed Director, I would ask that, to the extent that you have

KPMG, a Cayman Islands partnership and a member firm of the
KPMG network of independent member firms affiliated with KPMG
International, a Swiss cooperative.

*Bear Stearns High-Grade Structured Credit Strategies*
*Enhanced Leverage (Overseas) Ltd. (in Voluntary*
*Liquidation)*
*November 19, 2007*

not already done so, please provide us with any and all information that is within your possession, custody or power concerning the identity and location of any of the Feeder Fund's assets.

In any event, the JVLs would like to discuss the situation of the Feeder Fund with you in more detail, and shall be in contact again to arrange a call with you in the course of the next few days.

Should you have any questions please do not hesitate to contact either Russell Crumpler or Lucy Henderson on +1 (345) 914 4377 or +1 (345) 815 2638 respectively. They can also be reached via email at russellcrumpler@kpmg.ky and lucyhenderson@kpmg.ky.

Yours sincerely,

Simon Whicker
*Joint Voluntary Liquidator*

2

| **John C. Crittenden III** | **Bart M. Schwartz** |
|---|---|
| Managing Director<br>F T I Capital Advisors, LLC<br>member NASD/SIPC<br>202.589.2351 direct<br>202.674.0821 cell<br>202.312.9108 fax<br>john.crittenden@fticonsulting.com<br>1101 K Street, NW B100<br>Washington, DC 20005 | The Grace Building<br>1114 Avenue of the Americas<br>New York, NY 10036<br><br>212-479-6119<br>212-479-6275 (fax)<br>bschwartz@BMSchwartz.com |

November 22, 2007

**VIA E-MAIL AND TELECOPIER**
Mr. Simon Whicker
Joint Voluntary Liquidator
KPMG Cayman Islands
P.O. Box 493
Century Yard, Cricket Square
Grand Cayman KYI-1106
CAYMAN ISLANDS

Re:  Bear Stearns High Grade Structured Credit
     Strategies Enhanced Leverage (Overseas) Ltd.

Dear Mr. Whicker:

　　　　We write as Directors of the above-referenced entity (the "Fund") and in response to your identical letters to us dated November 19, 2007.

　　　　This will confirm that at a special meeting of Participating Shareholders of the Fund, held on November 14, 2007, Mr. Schwartz and FTI Capital Advisers, LLC were elected as Directors of the Fund – indeed, by a unanimous vote of the quorum there present.  As we understand it, the purpose of our appointment was to facilitate a cost-effective and independent investigation which would look into the conduct of the Fund, its directors and associated service providers. Your appointment, and the assertions in your letter, seek expressly to frustrate the intent of the unanimous majority of Shareholders to have us carry out that investigation.

157

Mr. Simon Whicker
November 22, 2007
Page 2

We disagree with your assertion that the Directors have no power to act in any way whatsoever without the approval of the Joint Voluntary Liquidators ("JVLs") of the Fund. We recognize, however, that this is an issue that must be resolved in another forum, and thus do not believe it is productive to argue about here. You also state in your letter that the Directors have continuing fiduciary obligations to the Fund and its Shareholders, we believe the JVLs do as well. In any event, we, as Directors, should like to work with you, as the JVLs, as harmoniously as possible to further the interests of the Fund and its Shareholders, until such time as the issue of the respective powers and duties of the JVLs on the one hand, and the Directors on the other, can be determined in an appropriate forum.

In order for us, as Directors to discharge any duties, it is imperative that we have access to certain information in respect of the Fund, including a shareholders' list and the books and records of the Fund. It would also be helpful if you would clarify the statement made in your letter of November 8, 2007 to the shareholders of the Fund that, "The Feeder Fund has a number of creditors and is therefore itself insolvent." Specifically, please identify these creditors and the amounts of their claims, as well as your preliminary determination of the assets, contingent and non-contingent, of the Fund.

The Directors appreciate your request for information that they may have relevant to the Fund. However, until we have access to the books and records, it would be premature for us to comment regarding possession, custody or power concerning the identity and location of any Fund assets. We appreciate as well your suggestion that the Directors and the JVLs speak in respect of Fund matters in the course of the next few days. As noted above, it is our desire to be cooperative with you pending clarification of our respective roles and responsibilities, and we would be pleased to discuss such information as the Directors may have regarding the Fund's assets as well as the other matters

Mr. Simon Whicker
November 22, 2007
Page 3

referenced above. In that the JVLs have already filed a court petition in respect of this matter, may I suggest that both the JVLs and the Directors plan to have their counsel participate in that call.

Please let us know what you believe would be a convenient time, and we shall try to accommodate that schedule.

Sincerely,

FTI Capital Advisors, LLC & Bart M. Schwartz, Esq.

By: _John C. Crittenden_____

John Crittenden

159



**KPMG**
P.O. Box 493
Century Yard, Cricket Square
Grand Cayman  KY1-1106
CAYMAN ISLANDS

Telephone    +1 345 949 4800
Fax          +1 345 949 7164
Internet      www.kpmg.ky

Our ref    71579

Mr John C Crittenden III
FTI Capital Advisors, LLC
1101 K Street
NW B100
Washington
DC, 20005
United States of America

Mr Bart M Schwartz
The Grace Building
1114 Avenue of the Americas
New York
NY 10036
United States of America

November 26, 2007

Dear Mr Crittenden and Mr Schwartz,

**Bear Stearns Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. (in Voluntary Liquidation) ("the Feeder Fund")**

Thank you for your letter dated November 22, 2007.

With respect to the powers of the directors of a Cayman Islands Company in Voluntary Liquidation we draw your attention to section 136 (f) which reads as follows:

"upon the appointment of liquidators all the powers of the directors shall cease, except insofar as the company, by resolution of its members or the liquidators, may sanction the continuance of such powers"

Whilst we acknowledge that a majority of Participating Shareholders appointed you as Directors, under the terms of Specific Powers in the Memorandum and Articles, the funds' constitutional documents do not permit the same Participating Shareholders to have sufficient power to sanction the continuation or indeed the commencement of your powers as Directors of the Feeder Fund.

We reiterate the content of our letter dated November 19, 2007 informing you that you have no power to act on behalf of the Feeder Fund in any way whatsoever without the prior approval and explicit authority of the JVLs.

KPMG, a Cayman Islands partnership and a member firm of the
KPMG network of independent member firms affiliated with KPMG
International, a Swiss cooperative.

160



*Mr John C. Crittenden III and Mr Bart M. Schwartz*
*Bear Stearns Structured Credit Strategies Enhanced*
*Leverage (Overseas) Ltd. (in Voluntary Liquidation)*
*November 26, 2007*

The role of the JVLs is to take control of the Feeder Fund, make all necessary investigations and ensure that it is liquidated in an orderly manner. The JVLs have a duty to maximise realisations for the benefit of all of the Feeder Fund's stakeholders.

However, our intention is not to frustrate the intentions of the investors and we will be meeting with them in due course to explain our role. In addition we concur with your comments about working as harmoniously as possible and therefore suggest the following dates to have an initial call: November 29, 2007 or December, 3 2007. We should be grateful if you would confirm which date is more convenient and we shall make the necessary arrangements.

We note your suggestion to involve counsel on this call and should therefore be grateful if you would advise of your counsel's contact details.

In the meantime, we should be grateful if you would arrange to have all of the information in your possession, custody or power concerning the identity and location of any of the Feeder Fund's assets delivered to us immediately.

We look forward to speaking with you in the course of the next few days.

Yours sincerely

PP. Simon Whicker
*Joint Voluntary Liquidator*

2

**KPMG**

| | | |
|---|---|---|
| **KPMG**<br>P.O. Box 493<br>Century Yard, Cricket Square<br>Grand Cayman  KY1-1106<br>CAYMAN ISLANDS | Telephone<br>Fax<br>Internet | +1 345 949 4800<br>+1 345 949 7164<br>www.kpmg.ky |

Our ref    71579

November 27, 2007

Dear Sir or Madam

**Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. – in voluntary liquidation ("the Feeder Fund")**

I write further to my letter dated November 8, 2007 advising of my appointment as Joint Voluntary Liquidator ("JVL") of the Feeder Fund on November 1, 2007, along with my colleague, Kris Beighton. We were appointed by the sole voting shareholder of the Feeder Fund, following a meeting of directors held on the same date.

We can now confirm that a meeting of investors will take place on December 4, 2007 at the St Bride Foundation, Bride Lane, Fleet Street, London, EC4Y 8EQ, UK at 10.00am.

The meeting will provide investors with an overview of the approach the JVLs intend to take during the liquidation and discuss:-

1.  the possibility of forming an informal committee of investors

2.  potential areas of investigation

3.  matters of concern to the investors.

The JVLs have also established a website enabling you to obtain current information regarding the liquidation of the Feeder Fund. For security reasons, a link to the website will be sent to you under separate cover.

KPMG, a Cayman Islands partnership and a member firm of the
KPMG network of independent member firms affiliated with KPMG
International, a Swiss cooperative.

162

KPMG

*Bear Stearns High-Grade Structured Credit Strategies*
*Enhanced Leverage (Overseas) Ltd. - in voluntary*
*liquidation ("the Feeder Fund")*
*November 27, 2007*

However, please find below your username and password, which you will be required to submit on entry to the site.

| Username | ELFF |
| --- | --- |
| Password | EL4928 |

This website is intended for use by investors only and therefore the JVLs would respectfully request that you do not disclose your username or password or the contents of the website to any third party.

Please confirm in writing your attendance at the proposed meeting on December 4, 2007 and provide details of any advisors that will be attending with you. Confirmation should reach Lucy Henderson, whose details are noted below, no later that 5pm (GMT) on December 3, 2007.

Should you have any questions please do not hesitate to contact either Lucy Henderson or Russell Crumpler on +1 (345) 815 2638 or +1 (345) 914 4377 respectively. They can also be reached via email at lucyhenderson@kpmg.ky and russellcrumpler@kpmg.ky.

Yours faithfully,

Simon Whicker
*Joint Voluntary Liquidator*

2

| **John C. Crittenden III** | **Bart M. Schwartz** |
| Managing Director | |
| F T I Capital Advisors, LLC | The Grace Building |
| member NASD/SIPC | 1114 Avenue of the Americas |
| 202.589.2351 direct | New York, NY 10036 |
| 202.674.0821 cell | |
| 202.312.9108 fax | 212-479-6119 |
| john.crittenden@fticonsulting.com | 212-479-6275 (fax) |
| 1101 K Street, NW B100 | bschwartz@BMSchwartz.com |
| Washington, DC 20005 | |

December 3, 2007

**Via Electronic Mail & Telecopier**
Mr. Simon Whicker
KPMG Cayman Islands
PO Box 493
Century Yard, Cricket Square
Grand Cayman KY1-1106
Cayman Islands

Re:     Bear Stearns Structured Credit Strategies
        Enhanced Leverage (Overseas) Ltd. (the "Feeder Fund")

This is in response to yours of November 26, 2007. We appreciate your reference to the terms of Section 136(f) which provide as relevant that "upon the appointment of liquidators all the powers of directors shall cease except insofar as the company by resolution of its members . . . may sanction the continuance of such powers."

It is our understanding that under Cayman law, notwithstanding the foregoing, the directors do retain certain residual powers and, more to the point, we take issue with your contention that under the Memorandum and Articles, the "participating shareholders do not have the power to sanction the continuation (or commencement) of your powers as directors" of the Feeder Fund, an assertion you make, we note, without any citation to those documents. Thus, we continue to reject your assertion that we, as directors, have no power to act on behalf of the Feeder Fund in any way whatsoever without your prior approval as JVLs, and remind you that this is an issue that will have to be settled in a different forum.

Turning from that issue, and to your statement that you "concur with [our] comments about working as harmoniously as possible", we are astounded to learn that on the day following your letter to us, that is, on November 27, 2007, you sent a notice of a meeting to the shareholders without even copying us as directors. This is not the way to achieve a "harmonious" relationship, and requires us to conclude, regrettably, that your suggestions for a meeting and other conduct in regard to this matter are being undertaken in flagrant bad faith.

Further to this point, we have heretofore requested information from you, specifically, names of alleged creditors, shareholder lists, and books and records of the company,

to which the directors are always entitled, the provision of which would cause you no burden or difficulty, which might enable us to protect the shareholders' interest either in our own stead or in cooperation with you. To date, you have not even acknowledged that request, another indicator that you are not dealing with us in good faith.

Further, to your question respecting the information that we have reflecting the location of any of the Feeder Fund's assets, please be advised that the only information we have in this regard, at present, would be potential causes of action that the Feeder Fund has against the Master Fund (which you also represent), and various entities related to Bear Stearns and Walkers. Please confirm that your relationship with these entitles does not present a conflict such as to debar you from pursuing each and all of these claims?

Finally, despite your obvious intention to exclude us from the December 4, 2007 meeting, please be advised that our counsel, Marcus Rutherford of Reed Smith LLP, will be in attendance. If you believe that discussion is appropriate thereafter, I ensure we can find an appropriate opportunity to undertake it.

Very truly yours,

FTI Capital Advisors, LLC & Bart M. Schwartz, Esq.

By: _____ /s/ _____
John Crittenden