Fred S. Hodara (FH-7947)
Lisa G. Beckerman (LB-9655)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

David F. Staber (*pro hac vice pending*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)

Counsel for Joint Provisional Liquidators

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :   Chapter 15
                                                             :
BEAR STEARNS HIGH-GRADE STRUCTURED                           :   Case No. 07 - _____ (   )
CREDIT STRATEGIES ENHANCED LEVERAGE                          :
MASTER FUND, LTD. (IN PROVISIONAL                            :
LIQUIDATION)                                                 :
                                                             :
Debtor in a Foreign Proceeding.                              :
------------------------------------------------------------ x

### VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF THE BANKRUPTCY CODE AND RELATED RELIEF

Simon Lovell Clayton Whicker and Kristen Beighton, joint provisional liquidators (the "JPLs" and the "Petitioners") of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund, Ltd. (In Provisional Liquidation) ("Enhanced Fund"), by its undersigned counsel Akin Gump Strauss Hauer & Feld LLP, respectfully file the Official Form Petition and this Verified Petition (together, the "Petition") pursuant to section 1515 of title 11 of the United States Code (the "Bankruptcy Code" or the "Code") for entry of an order recognizing

the liquidation (the "Foreign Proceeding") of Enhanced Fund in the Grand Court of the Cayman Islands (the "Cayman Grand Court") as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, and thereby granting related relief pursuant to section 1520 of the Bankruptcy Code and granting additional relief pursuant to section 1521(a) of the Code. In the alternative, if the Court finds that the Foreign Proceeding is not eligible for recognition as a foreign main proceeding, Petitioners seek recognition of the Foreign Proceeding as a foreign non-main proceeding, as defined in 11 U.S.C. § 1502(5) and seek relief under section 1521 of the Bankruptcy Code.

## PRELIMINARY STATEMENT

Petitioners have commenced this case pursuant to 11 U.S.C. §§ 1504, 1509, 1515, and 1517 of the Bankruptcy Code by filing the Petition seeking recognition of a foreign liquidation proceeding that is currently pending in the Cayman Grand Court, and seeking relief as of right under section 1520 and further relief available under Section 1521 of the Bankruptcy Code. As demonstrated by this Verified Petition, the Declaration of Sandra Corbett, and the Declaration of Kristen Beighton, each of which is attached as Exhibit A and B, respectively, Petitioners are individual persons who are the duly authorized foreign representatives of Enhanced Fund, and as such are entitled to directly petition this Court for recognition of the Foreign Proceeding under 11 U.S.C. § 1509. The Foreign Proceeding is a "foreign main proceeding" as defined by 11 U.S.C. § 1502(4), because the Foreign Proceeding is pending in the Cayman Islands, which is the "center of main interests" for Enhanced Fund as defined by 11 U.S.C. §§ 1502(4), 1516(c), 1517(b)(1).

Because: (i) recognition of the Foreign Proceeding would not be contrary to public policy under 11 U.S.C. § 1506; (ii) the Foreign Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4); (iii) the Petitioners are persons authorized in the Foreign Proceeding

to administer the liquidation of the Foreign Debtor's assets in the Cayman Grand Court; and (iv) Petitioners have complied with all requirements of 11 U.S.C. § 1515 and Interim Bankruptcy Rule 1007(a)(4), Petitioners are entitled to entry of an order recognizing the Foreign Proceeding as a foreign main proceeding under 11 U.S.C. § 1517(b)(1), and are entitled to the appropriate relief as set forth in sections 1520 and 1521 of the Bankruptcy Code.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

## FACTUAL BACKGROUND

A. **Enhanced Fund**

2. Enhanced Fund is a Cayman Islands exempted limited liability company with a registered office in the Cayman Islands. Enhanced Fund is an open-ended investment company, which was incorporated in the Cayman Islands on April 27, 2006. The objective of Enhanced Fund was to seek high income and capital appreciation relative to London Interbank Offered Rate ("LIBOR"). Upon information and belief, Enhanced Fund intended to invest in: (i) investment-grade structured finance securities; (ii) asset-backed securities ("ABSs"); (iii) synthetic ABSs; (iv) mortgage-backed securities; (v) global structured asset securitizations; (vi) derivatives; (vii) options; (viii) swaps; (ix) swaptions; (x) futures; (xi) forward contracts; (xii) equity securities; and (xiii) currencies. Upon information and belief, Enhanced Fund was designed for long-term investors who understood and were willing to accept the risk of the loss of capital involved in these types of investments.

### B. Administration of Enhanced Fund

3. The JPLs believe, based upon Enhanced Fund's available records, that: (a) the five directors of Enhanced Fund are Mr. Barry J. Cohen, Mr. Greg Quental, Mr. Gerald Cummins, Mr. Scott P. Lennon, and Ms. Michelle M. Wilson-Clarke; and (b) PFPC Inc. (Delaware), a Massachusetts corporation (the "Administrator"), is the administrator of Enhanced Fund. Pursuant to an administrative services agreement between Enhanced Fund and the Administrator, the Administrator served as administrator, registrar and transfer agent and provided all day-to-day administrative services to Enhanced Fund, including accounting and clerical functions, processing the issuance, transfer and redemption of shares, maintaining all appropriate shareholder registers and ledgers, distributing annual reports and account statements to shareholders, responding to inquiries received from shareholders, prospective investors, and others, maintaining Enhanced Fund's principal administrative records, disbursing payment of expenses of Enhanced Fund, responding to inquiries from the general public, and notifying Enhanced Fund's investment manager of redemption requests. The books and records of Enhanced Fund are maintained and stored in the Cayman Islands by the Administrator,[1] and Deloitte & Touche, Cayman Islands signed off on the most recent audited financial statements of Enhanced Fund. Bear Stearns Asset Management Inc. ("BSAM"), a corporation formed under the laws of the state of New York, is the investment manager for Enhanced Fund.

### C. Cayman Islands Liquidation Proceeding

4. In early 2007, Enhanced Fund's investments performed poorly. Following the well-publicized volatility in the markets related to sub-prime lending, by late May 2007 Enhanced Fund had begun to suffer a significant devaluation of its asset portfolio. This led to

---

[1] The investor registers, however, are held in Dublin, Ireland by an affiliate of the Administrator.

margin calls from many of its trading counterparties, which Enhanced Fund was ultimately unable to meet. This in turn resulted in the issuance of default notices by those counterparties and their exercise of rights under their respective agreements to seize and/or sell off those assets of Enhanced Fund that had been the subject of repurchase agreements or over which they held security interests. On or about June 20, 2007, Merrill Lynch issued a bid list to certain of its clients and thereafter sold off certain of these assets. This resulted in further downward pressure on the relevant asset classes and a revaluation of Enhanced Fund's assets. As this process has proceeded, the market has continued to deteriorate with respect to the asset classes in which Enhanced Fund was invested. Nearly all secured counterparties have now seized and/or sold off those of Enhanced Fund's assets that had been the subject of repurchase agreements or over which they allegedly had security interests. In some cases, this process has resulted in a positive asset or cash return to Enhanced Fund, but in certain cases, has resulted in a shortfall for which those counterparties may now bring unsecured claims against Enhanced Fund.

5. On July 30, 2007, the board of directors of Enhanced Fund passed a resolution, authorizing Enhanced Fund to file a petition seeking an order that Enhanced Fund be wound up under the provisions of the Companies Law of the Cayman Islands and to apply for the appointment of the Petitioners to act as JPLs of Enhanced Fund, subject to the supervision of the Cayman Grand Court. On July 31, 2007, the Cayman Grand Court entered an order appointing the Petitioners as JPLs of the Foreign Debtor.

**D.** **Enhanced Fund's Assets**

6. Upon information and belief, all of Enhanced Fund's assets are managed by BSAM, and are located within this judicial district. Although BSAM has indicated to the JPLs that it will follow the directions of the JPLs with respect to the assets within its control, other assets of Enhanced Fund consist of receivables from broker dealers and all (or virtually all)

are located within this judicial district. It therefore may by necessary to obtain an order of this court to compel those broker dealers to deliver those assets to the JPLs.

**E.     Chapter 15 Petition**

7.     In light of the foregoing, Petitioners seek recognition of Enhanced Fund's liquidation as a foreign main proceeding (or, in the alternative, a foreign non-main proceeding) in order to seek the United States Bankruptcy Court's assistance in identifying, realizing, and properly administering the assets of Enhanced Fund for the benefit of its stakeholders.

**RELIEF REQUESTED**

8.     In furtherance of their duties as the JPLs of Enhanced Fund, Petitioners seek an Order of this Court pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, substantially in the form of the proposed order attached hereto as Exhibit C (the "Proposed Order"), granting the following relief:

> a)     Recognition of the Foreign Proceeding as a foreign main proceeding as defined in section 1502(4) of the Bankruptcy Code;[2]
>
> b)     Granting relief as of right upon recognition of a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code;
>
> c)     Granting further additional relief as authorized by section 1521 of the Bankruptcy Code, including, without limitation:
>
>> 1.    staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of Enhanced Fund, including any action or proceeding against the JPLs in their official capacity as Liquidators of Enhanced Fund, to the extent not stayed under section 1520(a) of the Bankruptcy Code (except as provided in sections 555 through 557, 559 through 562, 1520 and 1521 of the Bankruptcy Code);

---

[2] Attached hereto as Exhibit D is a Court-sealed, certified copy of the Official Form Petition.

  2. staying execution against the assets of Enhanced Fund to the extent not stayed under section 1520(a) of the Bankruptcy Code;

  3. suspending the right to transfer or otherwise dispose of any assets of Enhanced Fund to the extent this right has not been suspended under section 1520(a) of the Bankruptcy Code;

  4. providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Enhanced Fund, and finding that such information is required in the Foreign Proceeding under the law of the United States; and

  5. entrusting the administration or realization of all or part of the assets of Enhanced Fund within the territorial jurisdiction of the United States to the Petitioners;

 d) Otherwise granting comity to and giving full force and effect to the Foreign Proceeding; and

 e) awarding Petitioners such other and further relief as this Court may deem just and proper.

9. Although the Petitioners believe that the Foreign Proceeding should be recognized as a foreign main proceeding, in the event the Court determines that the Foreign Proceeding is not eligible to be recognized as a foreign main proceeding, Petitioners seek recognition of the Foreign Proceeding as a foreign non-main proceeding, as defined in 11 U.S.C. § 1502(5), and request that the Court grant the relief requested above, and such other and further relief as is proper, pursuant to section 1521 of the Bankruptcy Code.

### REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)

10. It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a

memorandum of law on the grounds that, while chapter 15 of the Bankruptcy Code is itself novel, the relevant authorities in support of the Verified Petition are contained herein.

## HEARING DATE AND NOTICE

11. Petitioners request that the Court set the date for a hearing, pursuant to section 1517(c) of the Bankruptcy Code. If no objections to this Petition are filed by the date ordered for such objections, Petitioners request that the Court enter the Proposed Order recognizing the Foreign Proceeding as a foreign main proceeding without a hearing, pursuant to Local Rule 2002-1.

12. According to Cayman counsel, Petitioners have complied with Cayman law regarding the notification of the Foreign Proceeding, and there are no additional requirements under Cayman law regarding notice of these proceedings.

13. Petitioners propose that once a hearing date (the "Hearing Date") has been set by the Court, notice will be given as reasonable and appropriate under the circumstances in the Foreign Proceeding and in this District. Specifically, Petitioners propose sending a Notice of Filing and Hearing (the "Notice"), in substantially the form attached hereto as Exhibit E, with copies of the Chapter 15 Petition, this Verified Petition, the Declaration of Sandra Corbett, and the Declaration of Kristen Beighton, on the known interested parties in accordance with each such party's last known contact information, and by first-class U.S. mail on the Office of the United States Trustee and the SEC.

14. Notice will be sent so as to provide these parties with at least 20 days notice of the Hearing Date, pursuant to Rule 2002(q) of the Interim Bankruptcy Rules.

15. Petitioners believe that such notice and service is reasonable and proper under the circumstances, and that no other or further notice is necessary or appropriate.

## CONCLUSION

WHEREFORE, Petitioners respectfully request that this Court enter an Order, substantially in the form of the Proposed Order on Recognition attached hereto as Exhibit C, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 31, 2007
      New York, NY

                        **AKIN GUMP STRAUSS HAUER & FELD LLP**

                        By: */s/ Fred S. Hodara*
                        Fred S. Hodara (FH- 7947)
                        Lisa G. Beckerman (LB-9655)
                        590 Madison Avenue
                        New York, New York 10022-2524
                        (212) 872-1000 (Telephone)
                        (212) 872-1002 (Facsimile)

                        David F. Staber (*pro hac vice pending*)
                        1700 Pacific Avenue, Suite 4100
                        Dallas, Texas 75201
                        (214) 969-2800 (Telephone)
                        (214) 969-4343 (Facsimile)

                        Counsel for the Joint Provisional Liquidators

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Kristen Beighton declares as follows:

I am Joint Provisional Liquidator of Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage Master Fund, Ltd. (In Provisional Liquidation), and have full authority to verify the foregoing Petition. I have read the foregoing Petition, and am informed and do believe that the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___ day of _____, 2007, in Grand Cayman, The Cayman Islands

/s/ K. Beighton
Kristen Beighton